IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROBERT LEE EARL, PRO SE,<br>TDCJ-CID #599178,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS DRETKE,<br>D. COLE, NFN DENDY,<br>NFN McDONALD, and<br>NFN LACY, Dr.,<br><br>    Defendants. | 2:04-CV-0290 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ROBERT LEE EARL, acting pro se and while incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed this suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Pursuant to the Court's March 4, 2005 Order, plaintiff provided the factual basis for his claim(s) against defendant LACY in his March 16, 2005 Response to Court's Deficiency Order. Plaintiff also submitted the grievances he feels exhaust administrative remedies with respect to his claims against LACY. The Court construes this pleading to be plaintiff's amendment of his complaint to include these facts and grievances.

Plaintiff claims that, on October 25, 2003, defendant DENDY utilized excessive force against him when she abruptly pulled a pair of boots from his hand, injuring his fingers. Plaintiff claims defendant McDONALD didn't stop DENDY and didn't take plaintiff to the infirmary. Plaintiff also claims defendant LACY didn't provide plaintiff with medical attention regarding his fingers. Plaintiff claims defendants DRETKE and COLE failed to train DENDY and McDONALD concerning the Major Use of Force Policy of TDCJ-CID.

Plaintiff requests an award of $500,000.00 for mental anguish, $500,000.00 in punitive damages, and attorneys fees and court costs.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

Despite plaintiff's legal characterization, defendant DENDY's act in yanking away his boots did not constitute a use of force "repugnant to the conscience of mankind." At most, plaintiff's injury appears to be the result of negligence or accident. The mere fact that plaintiff was injured does not transform this incident into one of excessive force. Plaintiff's claim against defendant DENDY lacks an arguable basis in law and is frivolous.

Further, with respect to defendant McDONALD's failure to stop DENDY, plaintiff's account of the incident seems to indicate DENDY's actions caught him by surprise. He has plead no fact which shows McDONALD knew DENDY was going to pull plaintiff's shoes abruptly from his hands and hurt plaintiff in doing so. Further, although plaintiff claims defendant McDONALD failed to take him to the infirmary for medical care, he does not indicate she refused any request from him in that respect. Plaintiff has also failed to allege any fact showing he had a need for emergency medical care or that he couldn't submit a sick call and go to the infirmary in the regular course of business. In short, plaintiff has not alleged any fact showing McDONALD knew of facts indicating he was in substantial danger of serious harm, made the necessary inference of possible serious harm, and ignored such facts. Plaintiff has utterly failed to state a claim against McDONALD on which relief can be granted.

Plaintiff claims defendant Dr. LACY failed "to provide plaintiff with medical attention regarding his fingers." Review of the grievances plaintiff has submitted, and which he represents exhaust administrative remedies on this claim, reveals plaintiff did not grieve this claim at all. Instead, his Step 1 grievance no. 2004043715 complained that LACY "seriously deprived me of medical needs (medical boots) which was given to me by other TDC Doctor McDonald, Mark Stiles Unit, Tx department of Corrections [sic et passim][parenthetical in the original]." At both Step 1[3] and Step 2[4] of his grievance, plaintiff states unequivocally that he did

---

[3] Plaintiff states "I was given a lay-in that I did not initiate to see Dr. Lacy."

[4] Plaintiff states "I did not initiate a sick call to see Lacy period nor did I ask to see a nurse or anything."

3

not submit a sick call request. Further, plaintiff's Step 2 grievance, like his Step 1, does not complain of LACY's failure to treat his fingers.

Moreover, review of all the grievances submitted by plaintiff fails to reveal any grievance concerning the alleged failure by defendants DRETKE and COLE to train DENDY and McDONALD in use of force policies.

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims against defendants LACY, DRETKE, and COLE lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AS FRIVOLOUS, AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   18th   day of April, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE